Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| KARLA NICOLE VÉLEZ SANTANA<br><br>Demandante-Recurrida<br><br>v.<br><br>JOSÉ ANTONIO ROCHE NEGRÓN<br><br>Demandado-Recurrente | KLCE202400093 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Sobre: Alimentos<br><br>Caso Número: J AL2017-0286 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de febrero de 2024.

Comparece la parte demandada-recurrente, José Antonio Roche Negrón (¨recurrente¨ o ¨Sr. Roche Negrón) mediante recurso de *Certiorari.* Solicita que revoquemos dos (2) órdenes dictadas por el Tribunal de Primera Instancia, Sala Superior de Ponce (¨TPI¨). Mediante la primera *Orden,* dictada el 18 de diciembre y archivada en autos y notificada el 22 de diciembre de 2023, el TPI le impuso al demandado una sanción económica de $500.00 por incomparecer a una Vista de Desacato y $200.00 por concepto de honorarios de abogado. En el segundo dictamen, *Orden Para Mostrar Causa,* dictada el 28 de diciembre de 2023 y notificada el 8 de enero de 2024, el TPI señaló una Vista de Desacato para el 30 de enero de 2024.

El Sr. Roche Negrón argumenta que las notificaciones de las órdenes no fueron adecuadas, ya que no se le notificaron personalmente. Ambas órdenes recurridas fueron notificadas mediante correo electrónico a los abogados de las partes.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari.*

**I.**

Los hechos del caso se remontan a la presentación de una demanda ante el TPI sobre alimentos incoada por Karla Nicole Vélez Santana (¨recurrida¨ o ¨Sra. Vélez Santana¨) en contra del Sr. Roche Negrón.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el TPI dictó una *Orden* el 10 de noviembre de 2023, notificada el 21 de noviembre de 2023. Mediante la referida *Orden,* el TPI señaló una Vista de Desacato para el 5 de diciembre de 2023. Llegado el 5 de diciembre de 2023, el Sr. Roche Negrón no compareció a la Vista de Desacato. Alega, como excusa, que no fue notificado conforme a la Regla 40 de Procedimiento Civil de la *Orden* emitida el 10 de noviembre de 2023.

Según surge del expediente, las partes fueron notificadas de la *Orden* mediante correo electrónico enviado el 21 de noviembre de 2023 a sus abogados, Lcda. Adamarys Feliciano Matos, representante legal del Sr. Roche Negrón, y Lcdo. Iván R. Ayala Cruz, representante legal de la Sra. Vélez Santana. Las partes fueron notificadas a los siguientes correos electrónicos: afm@lcdafeliciano.com, correspondiente a la Lcda. Feliciano, y; bufeteayalacadiz@gmail.com, correspondiente al Lcdo. Ayala.

Como consecuencia, el 18 de diciembre de 2023, el TPI dictó una *Orden*, notificada el 22 de diciembre de 2023. Mediante el referido dictamen, el TPI le impuso al demandado una sanción económica de $500.00, adicionales a otra cantidad previamente impuesta, para un total de $1,000.00, más $200.00 por concepto de honorarios a ser pagados dentro de treinta (30) días.

Posteriormente, el 18 de diciembre de 2023, la Sra. Vélez Santana presentó una *Moción de Desacato.* Alegó que el Sr. Roche Negrón había incumplido con el pago de las sanciones económicas

impuestas mediante *Orden*. A su vez, solicitó la imposición de honorarios y que encontraran al demandado incurso en desacato.

El 28 de diciembre de 2023, el TPI emitió una *Orden Para Mostrar Causa*, notificada el 8 de enero de 2024, donde señaló una Vista de Desacato para el 30 de enero de 2024. Nuevamente, el referido dictamen fue notificado el 8 de enero de 2024 mediante correo electrónico a los abogados de las partes.

Así las cosas, el 23 de enero de 2024, el Sr. Roche Negrón presentó un recurso de *Certiorari*. Solicita que revoquemos las órdenes dictadas por el TPI el 18 de diciembre y 28 de diciembre de 2023. Alega que el TPI incurrió en los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al celebrar Vista de Desacato el 5 de diciembre de 2023 e imponer sanciones al recurrente por su incomparecencia a pesar de que no realizó una oportuna y adecuada notificación, violando el debido proceso de ley.

> Erró el Tribunal de Primera Instancia, al imponer sanciones adicionales que le fueron notificadas el 22 de diciembre de 2023 por el incumplimiento de sanciones previas impuestas por su incomparecencia sin la oportuna y adecuada notificación que garantizara el debido proceso de ley.

El 24 de enero de 2024 emitimos una *Resolución* en donde le concedimos a la parte recurrida hasta el 5 de febrero de 2024 para presentar su oposición a la expedición del recurso.

Luego, el 29 de enero de 2024, el Sr. Roche Negrón presentó una *Urgentísima Moción en Auxilio de Jurisdicción y Solicitud de Paralización de los Procedimientos*. Solicitó de este Tribunal que paralizáramos los procedimientos ante el TPI, ya que, la celebración de la Vista de Mostrar Causa tornaría académico el caso ante el Tribunal de Apelaciones. Ese mismo día, el 29 de enero de 2024, emitimos una *Resolución* dictando *No Ha Lugar* la moción presentada por el recurrente.

Transcurrido el término concedido a la parte recurrida para expresar su oposición, se da por sometido el recurso y procedemos a resolver.

## II.

### A. El certiorari

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de

Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en

la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Notificaciones a las partes representadas por abogado**

La Regla 67 de Procedimiento Civil, regula lo correspondiente a la notificación y a la presentación de los escritos. Establece en su inciso 1 y 2 cuándo se requiere la notificación y la forma de hacerla. En lo que aquí nos concierne, esta regla dispone lo siguiente:

> Regla 67.1. Notificación; cuándo se requiere
> Toda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.
> [...].
>
> Regla 67.2. Forma de hacer la notificación
> **Siempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada**, a menos que el tribunal ordene que la notificación se efectúe a la parte misma. La notificación al abogado o abogada, o a la parte se efectuará entregándole copia o remitiéndola por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. Si la dirección se desconoce, se notificará de ello al tribunal con copia del escrito de que se trate. [...]. (Énfasis suplido). 32 LPRA Ap. V.

Conforme surge de la citada normativa legal, toda orden emitida por el tribunal será notificada a todas las partes y siempre que una parte haya comparecido representada por abogado, la notificación será efectuada al abogado, salvo que el tribunal ordene que la notificación se efectúe a la parte misma. La notificación al abogado se efectuará entregándole copia o remitiéndola por correo, fax o medio electrónico a la dirección del abogado que surge del registro del Tribunal Supremo para recibir notificaciones.

**III.**

El Sr. Roche Negrón solicita que dejemos sin efecto dos (2) órdenes emitidas por el TPI bajo la premisa de que no fueron notificadas adecuadamente. Alega, en ambos señalamientos de error, que el TPI violó su debido proceso de ley al no realizar una oportuna y adecuada notificación y/o citación bajo la Regla 40 de las de Procedimiento Civil.

Ambas órdenes fueron adecuadamente notificadas mediante correo electrónico a los abogados de las partes, conforme dispone la Regla 67 de Procedimiento Civil, *supra*.

Según surge de los documentos ante nuestra consideración, la Secretaría del TPI notificó ambas órdenes al correo electrónico de la Lcda. Feliciano Matos, afm@lcdafeliciano.com, representante legal del Sr. Roche. Así, cumpliendo con el requisito de notificación adecuada esbozado en las Reglas de Procedimiento Civil. Bajo ninguna circunstancia habría que citarlo personalmente conforme la Regla 40 de Procedimiento Civil, si el TPI notificó correcta y oportunamente a su representante legal.

Las Reglas de Procedimiento Civil establecen que cuando la parte en un pleito haya comparecido representada por un abogado, como sucede en el presente caso, la notificación será efectuada al abogado salvo que el TPI ordene que la notificación se efectúe a la misma parte, cosa que aquí no se demuestra. Por tanto, la notificación de las órdenes recurridas al correo electrónico de la abogada del recurrente es suficiente. No existe razón para que el demandado fuera notificado o citado de manera distinta.

**IV.**

Por todo lo anterior, se deniega la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del

Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones